# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRANDEN IMBER,

        Petitioner,      :      Case No. 3:14-cv-010

   - vs -                               District Judge Walter Herbert Rice
                                        Magistrate Judge Michael R. Merz

ROD JOHNSON, Warden, Ross
  Correctional Institution,

                                :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Branden Imber brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Clark County Court of Common Pleas and subsequent sentence to thirteen and one-half years imprisonment (Petition, Doc. No. 1, PageID 1).  The case is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:  "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Imber has not pleaded his claims in the way required by the standard § 2254 form by setting forth a constitutional violation followed by supporting facts.  Rather, the claims are set forth in an attachment without following the standard pleading.  As a *pro se* litigant, Imber is entitled to a liberal construction of his pleadings.  *Williams v. CSX Transportation Co., Inc.,* 643 F.3d 502, 510 (6th Cir. 2011), *citing Federal Exp. Corp. V. Holowecki,* 552 US. 389, 402 (1998);

1

*see also*, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993). The Court interprets the Petition as pleading two grounds for relief as follows:

> **Ground One:** Petitioner was denied due process of law when the trial court failed to comply with Ohio R. Crim. P. 11 in Petitioner's plea hearing.
>
> **Ground Two:** Petitioner was denied due process of law when the trial court failed to merge counts two and three and counts five and six of the Indictment because they are allied offenses of similar import, required to be merged under the Ohio allied offenses statute, Ohio Revised Code § 2941.25

(Petition, Doc. No. 1, PageID 16.)

After Imber was convicted and sentenced, he appealed to the Ohio Court of Appeals for the Second District. He has appended their Opinion to the Petition *Id*. at PageID 22-31) and it is also publicly reported at 2012-Ohio-3720, 2012 Ohio App. LEXIS 3286 (2nd Dist. Aug. 17, 2012). Judge Grady wrote for the court:

> **[\*P1]** On May 4, 2011, Defendant Branden Imber entered guilty pleas to ten fourth-degree felony offenses. The State dismissed other charges. The parties agreed to an aggregate sentence of twelve years in exchange for Imber's promise to cooperate in the State's prosecution of a co-defendant, including testifying truthfully if called as a witness by the State.
>
> **[\*P2]** On that same date, the trial court imposed an agreed eighteen months sentence of imprisonment for the offense of receiving stolen property charged in Count Three of the indictment. The court journalized its judgment of conviction on that single charge the following day. [Dkt. 13]. The court held in abeyance sentencing on the remaining charges pending disposition of the co-defendant's trial.
>
> **[\*P3]** The State subsequently moved to withdraw the plea agreement. The State contended that Imber had refused to meet with prosecutors concerning the charges against the co-defendant. Following a hearing on August 10, 2011, the court held the State's

2

motion in abeyance until after the co-defendant's trial, when Imber's cooperation or lack of cooperation could be more fully considered.

[*P4] Both the State's motion to withdraw and Imber's sentencing on the remaining nine charges came on for hearing on August 12, 2011. The State had not called Imber to testify at his co-defendant's trial. But, because Imber had declined to talk to prosecutors prior to that trial, the court found that Imber failed to provide the promised cooperation. Instead of an aggregate twelve year sentence for the ten charges of which Imber was convicted, the court imposed an aggregate sentence of thirteen and one-half years.

[*P5] The court journalized a judgment of conviction on all ten charges, including Count Three for which Imber was previously sentenced, on August 16, 2011. [Dkt. 20]. Imber filed a timely notice of appeal from that final judgment.

FIRST ASSIGNMENT OF ERROR

[*P6] "THE TRIAL COURT ERRED AS A MATTER OF LAW AT THE PLEA HEARING WHEN IT FAILED TO COMPLY WITH C.R. 11 THEREBY DENYING THE DEFENDANT HIS RIGHTS TO DUE PROCESS GRANTED BY THE OHIO AND UNITED STATES CONSTITUTION."

[*P7] Imber argues that his guilty pleas at the hearing on May 4, 2011, were not knowing, intelligent and voluntary because the court never asked Imber whether he pled guilty to the ten charges against him.

[*P8] After advising Imber of his right to trial and the related constitutional rights and determining that Imber understood his rights, the court engaged Imber in the following colloquy:

THE COURT: By pleading guilty you would be giving up all of these rights that we have gone over. Are you telling the Court that you want to give those rights up and plead guilty to these offenses set forth in the plea form?

THE DEFENDANT: Yes, sir.

THE COURT: The Court finds that the defendant has knowingly, voluntarily, intelligently waived his rights and entered pleas of guilty to those offenses. Based upon his plea I find him guilty.

**[\*P9]** Pleas of guilty and not guilty may be made orally. Crim.R. 11(A). Imber's oral response to the court's question demonstrates that he entered guilty pleas to the ten charges against him and withdrew his prior pleas of not guilty. To the extent that a defendant's express statement of his plea is required, the record demonstrates substantial compliance with that requirement. Except for the constitutional rights Crim.R. 11(C) concerns, substantial compliance is sufficient to demonstrate that a plea of no contest or guilty was knowing, intelligent, and voluntary according to the requirements the rule imposes. *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

**[\*P10]** Imber also argues that the trial court failed to address Imber personally and determine his understanding that he was not eligible for community control sanctions. Crim.R. 11(C)(2)(a). The Offenses to which Imber pled guilty are fourth degree felonies for which terms of imprisonment were not mandated. Because Defendant was eligible for community control sanctions, R.C. 2929.13(B), he was therefore not ineligible.

**[\*P11]** Imber further argues that his plea was less than knowing, intelligent, and voluntary because the court failed to inform Imber that the plea agreement was not binding on the court, presumably when the court imposed its sentences. The court agreed to impose a twelve-year aggregate sentence, and its agreement was binding on the court unless Imber failed to cooperate with the State as promised. The court explained that in that event sentencing on the counts not including Count Three "would be left to the discretion of the court." (Tr. 5). In addressing Imber, the court engaged him in the following colloquy:

THE COURT: the agreement is that you will receive a twelve-year sentence and no fine, again, so long as you fulfill your obligations under the plea agreement. Do you understand that?

THE DEFENDANT: Yes, sir. (Tr. 18).

**[\*P12]** The record demonstrates that the court determined that Imber understood that the court's agreement to impose a twelve year aggregate sentence would not be binding on the court should Imber breach his plea agreement, and in that event the court would be free to impose any other sentence or sentences authorized by law.

**[*P13]** Finally, Defendant complains that in conditionally accepting his guilty pleas the court did not make Imber aware of what his agreement to cooperate would require him to do. Imber promised his "cooperation" with the State in its prosecution of his co-defendant, and to testify truthfully if called as a witness. That promise was one Imber made and the court accepted. The court was entitled to accept Imber's unqualified promise. It was Imber's obligation to express any reservations he had or exceptions he would impose. Crim.R. 11(C) did not require the court to make Imber's promise more specific.

**[*P14]** The first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

**[*P15]** "THE TRIAL COURT ERRED AS A MATTER OF LAW IN BOTH SENTENCING HEARINGS VIOLATING THE DEFENDANT'S RIGHT TO DUE PROCESS WHEN IT FAILED TO APPLY THE APPLICABLE RULES AND STATUES."

**[*P16]** Imber argues that the May 5, 2011 judgment of conviction is defective because it is contradictory, first stating that Defendant pled guilty to Count Three and subsequently that the State had agreed to dismiss Count Three. The judgment [Dkt. 13] states that Defendant pled guilty to Count Three, but not that the State agreed to dismiss Count Three. That particular misstatement was made by the prosecutor in describing the plea agreement when he said that the State agreed to dismiss Count Three. (Tr. 3).

**[*P17]** The prosecutor obviously misspoke, and Defendant does not contend that he understood that Count Three would be dismissed. More importantly, the alleged error is not before us for review. The May 5, 2011 judgment of conviction is a final order from which Imber took no appeal. The fact that the court again imposed a sentence for the offense in Count Three in the subsequent August 16, 2011 final judgment from which this appeal was taken does not operate to resurrect for review any error the court committed in the unappealed May 5, 2011 judgment of conviction.

**[*P18]** Imber again argues that he was convicted of Count Three without entering a guilty plea. We disposed of that claim with respect to the first assignment of error.

**[*P19]** Imber further complains that the August 18, 2011 judgment of conviction identifies Count Three as a fifth degree felony when

5

> it is in fact a fourth degree felony. As a result, the eighteen month sentence the court therein imposed is clearly and convincingly contrary to law because it is outside the sentencing range for fifth degree felonies. R.C. 2929.14(A)(5).
>
> **[*P20]** Defendant is correct, but he was not prejudiced by the error. The prior May 5, 2011 judgment of conviction, which correctly identifies Count Three as a fourth degree felony, is a final unappealed judgment that concluded Defendant's conviction for Count Three. The erroneous reference to the offense in Count Three in the August 18, 2011 judgment of conviction as a fifth degree felony is harmless error.

*State v. Imber, supra*, ¶¶ 1-20.

As the Court understands Imber's First Ground for Relief, it is that he had a plea agreement under which he would receive an aggregate twelve-year sentence for the ten offenses to which he was pleading guilty and the State would dismiss the other pending charges. He claims his plea was not knowing, intelligent, and voluntary because he did not understand that his promise to cooperate and testify against his co-defendant if called meant that he had to "set [sic] down with the state's attorneys prior to trial." (Petition, Doc. No. 1, PageID 16.) He does not dispute the trial court's finding of fact that he did in fact refuse to be interviewed prior to trial, nor does he claim he ever asked for clarification of the plea or sought to withdraw his guilty plea in any way. As Judge Grady puts it in his opinion, Imber made an unqualified promise to cooperate and "[i]t was Imber's obligation to express any reservations he had or exceptions he would impose. [Ohio] Crim. R. 11(C) did not require the court to make Imber's promise more specific." *Id.* at PageID 16, ¶ 13.

Plea agreements are contractual in nature and are therefore interpreted and enforced in accordance with traditional contract law principles. *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002); *United States v. Wells*, 211 F.3d 988, 995 (6th Cir. 2000); *State v. Bethel*, 110 Ohio St. 3d 416 (2006). When confronted with an issue of contractual interpretation, the role of

a court is to give effect to the intent of the parties to the agreement. *Westfield Ins. Co. v. Galatis*, 100 Ohio St. 3d 216, 219 (2003), *citing Hamilton Ins. Serv., Inc., v. Nationwide Ins. Cos.*, 86 Ohio St. 3d 270, 273 (1999). Imber does not suggest how anyone could have agreed to "cooperate" in the prosecution of a co-defendant and then understood that that promise did not require him to talk to the prosecutors before trial. Certainly no attorney of any competence would call a witness to the stand without finding out what the witness was going to say. And no reasonable person, having agreed to cooperate in these circumstances, would have understood it meant he could refuse to talk with the prosecutors. Imber's refusal to talk with the prosecutors was a refusal to cooperate. The trial judge had plainly explained to Imber that if he did not cooperate, the judge was not bound to the aggregate sentence of twelve years. Imber's First Ground for Relief is without merit for the reasons given by the Second District Court of Appeals.

In Ground Two, Imber asserts he is entitled to merger of Count 2 with Count 3 and of Count 5 with Count 6. As can be seen by reading the court of appeals' opinion, Imber never raised any question about merger of Counts Two and Three in the state courts and therefore has procedurally defaulted on that part of Ground Two.

As to the merger of Counts Five and Six, that claim was raised in the Second District which decided:

> **[*P27]** Finally, Defendant argues that his convictions for the offense alleged in Count Five, receiving stolen property consisting of a 1994 GMC Sierra vehicle, and in Count Six, receiving stolen property consisting of a firearm, should have been merged pursuant to R.C. 2941.25. Defendant argues that merger is required because the two offenses occurred at the same time and place and under the same circumstances.
>
> **[*P28]** R.C. 2941.25(A) requires merger of two convictions for the same criminal conduct. *State v. Johnson*, 128 Ohio St.3d 153, 2010 Ohio 6314, 942 N.E.2d 1061. Even though the two offenses coincided, they did not involve the same conduct, that is, the same

7

> act or omission. In one, Defendant acted to deprive an owner of his vehicle. In the other, the coveted object was a firearm. On the same distinction, there was a separate animus to each offense. R.C. 2941.25(B). Merger was not required.

*State v. Imber, supra*, ¶¶ 27-28.

Federal habeas corpus courts can only consider violations of federal constitutional law. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13, 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The question of whether two criminal convictions are allied offenses of similar import under Ohio Revised Code § 2941.25 is a question of Ohio law on which this Court is bound to accept the decisions of the state courts, even in the case in suit. Therefore Imber's Second Ground for Relief is without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. The decision of the Second District Court of Appeals is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent, to the extent that it decides questions on federal constitutional law. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

January 13, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).